**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4834-18T3

KEITH DECKER,

    Plaintiff-Appellant,

v.

PLYMOUTH ROCK ASSURANCE
and KATHLEEN HILL,

    Defendants-Respondents.

_____

Argued March 11, 2020 – Decided April 1, 2020

Before Judges Haas and Mayer

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8989-18.

Charles Thomas Kannebecker argued the cause for appellant.

Glenn Donald Curving argued the cause for respondents (Riker Danzig Scherer Hyland & Perretti LLP, attorneys; Glenn Donald Curving, of counsel and on the brief; Peter M. Perkowski, Jr., on the brief).

PER CURIAM

Plaintiff Keith Decker appeals from a June 24, 2019 order granting summary judgment to defendants Palisades Safety and Insurance Association[1] (Palisades) and Kathleen Hill. We affirm.

We briefly summarize the facts. Plaintiff was a passenger in his employer's car when the car was stuck by the tortfeasor's vehicle. Plaintiff suffered injuries as a result of the collision. Because the employer's car was insured by Palisades, plaintiff sought underinsured motorist benefits under that policy. Palisades eventually determined plaintiff was an additional insured as an occupant of the employer's vehicle.

However, Palisades deemed plaintiff ineligible for underinsured motorist coverage due to the "step-down" provision in its policy. According to Palisades, its policy limited coverage for additional insureds, such as plaintiff, to $15,000. Because plaintiff accepted the sum of $50,000 from the tortfeasor's insurance carrier, Palisades determined "there [was] no triggering of [underinsured motorist] coverage under [the employer's] policy" and therefore denied plaintiff's claim.

---

[1] The correct designation for the corporate defendant is Palisades Safety and Insurance Association.

A-4834-18T3

In December 2018, plaintiff filed suit against defendants for underinsured motorist coverage under his employer's policy with Palisades and for other relief. One month later, defendants filed their answer and the court set November 10, 2019 as the discovery end date. In May 2019, defendants moved for summary judgment, which plaintiff opposed.

The judge reviewed the written arguments and considered the oral arguments of counsel on June 21, 2019. Despite serving no discovery, plaintiff argued further discovery was required prior to considering defendants' motion for summary judgment. Plaintiff claimed he needed the "deposition of [Palisade's] claims adjuster to determine if [the employer] was provided proper notice that the step-down provision was included in the Palisades policy." Defendants countered "further discovery [was] not needed since [p]laintiff, as an incidental beneficiary[,] has no standing to challenge the policy as [p]laintiff would never have received notice of a change in the Palisades policy."

In granting summary judgment, Judge Avis Bishop-Thompson concluded the tortfeasor was not underinsured because the tortfeasor's insurance carrier paid $50,000 to settle plaintiff's claim, and Palisades' policy limited plaintiff's recovery as an additional insured to $15,000. Thus, the limit of the tortfeasor's

A-4834-18T3

insurance policy was greater than the limit of Palisades' policy and plaintiff was not entitled to underinsured motorist benefits.

In addition, the judge determined no additional discovery propounded by plaintiff would satisfy his causes of action against defendants because, as a matter of law, plaintiff lacked standing to assert claims which legally belonged to plaintiff's employer as the Palisades policy holder. Nothing in the record indicated plaintiff sought an assignment of his employer's right to challenge notice of the policy's step-down provision or any other matters related to Palisades' policy. The judge also found plaintiff failed to "specify what additional discovery would establish [his] claims."

On appeal, plaintiff contends he had standing to challenge provisions in Palisades' policy issued to his employer, including the step-down provision. In addition, he argues summary judgment was premature because the discovery end date had not expired.

We affirm for the cogent reasons expressed by Judge Bishop-Thompson in her detailed written rider attached to the June 24, 2019 order. We add only the following comments in response to plaintiff's contention that the judge erroneously granted summary judgment prior to the close of discovery.

A-4834-18T3

Rule 4:46-1 permits a party to file a motion for summary judgment before the close of discovery. When such a motion is filed, claims of incomplete discovery will not defeat summary judgment if further discovery will not patently alter the outcome. Wellington v. Estate of Wellington, 359 N.J. Super. 484, 496 (App. Div. 2003). A party opposing a motion for summary judgment on the grounds that discovery is incomplete must "demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015) (quoting Wellington, 359 N.J. Super. at 496). In opposing summary judgment, a party must identify the specific discovery needed. See Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 166 (App. Div. 2007) ("A party opposing summary judgment on the ground that more discovery is needed must specify what further discovery is required, rather than simply asserting a generic contention that discovery is incomplete."). "[D]iscovery need not be undertaken or completed if it will patently not change the outcome." Minoia v. Kushner, 365 N.J. Super. 304, 307 (App. Div. 2004) (citations omitted).

Here, plaintiff failed to specify with any particularity the discovery to be conducted and how such discovery would change the outcome of the case. In the six months following the filing of his complaint, plaintiff admittedly

A-4834-18T3

propounded no discovery. He served no deposition notices and no interrogatories. Overlooking his own failure to serve discovery, plaintiff argued he still had time to conduct discovery because the discovery end date had not expired. Plaintiff never identified specific individuals he sought to depose or explain how additional discovery would preclude summary judgment as a matter of law. Having reviewed the record, defendants' motion for summary judgment was properly granted for the reasons expressed in the judge's comprehensive written statement of reasons dated June 24, 2019.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4834-18T3